JUDGE ABRAMS



MENDEL ZILBERBERG & ASSOCIATES, P.C.
6619 Thirteenth Avenue
Brooklyn, New York 11219
Telephone: (718) 256-2000
Facsimile: (718) 256-7900
E-mail: mz@amalgamail.com
Attorneys for Plaintiff Moshe Lefkowitz

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOSHE LEFKOWITZ,<br>Plaintiff,<br><br>v.<br><br>WALTER REISSMAN, MARKETWISE<br>TRADING, INC., BLACKRIVER<br>PETROLEUM, LLC, SADDLE RIVER<br>CAPITAL CORP., BLACKWOOD<br>CAPITAL LIMITED, and DOES 1-10,<br>Defendants. | CIVIL ACTION<br>NO.:_____<br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff Moshe Lefkowitz, by his attorneys, MENDEL ZILBERBERG &

ASSOCIATES, P.C., alleges as and for a Complaint against Defendant Walter Reissman,

Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Saddle River

Capital Corp., Blackwood Capital Limited, and Does 1-10, the following:

### SUMMARY OF THE COMPLAINT

1.      Defendant Walter Reissman operates, controls and/or manages Defendant

Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River

Capital Corp., and Defendant Blackwood Capital Limited.

2.      In 2008 Defendant Walter Reissman induced Plaintiff Moshe Lefkowitz to invest

and/or loan $506,000.00 to Defendant Marketwise Trading, Inc. and Blackriver Petroleum, LLC.

3.      It is believed that rather than use the funds provided by Plaintiff Moshe Lefkowitz

for the benefit of Defendant Marketwise Trading, Inc. and Blackriver Petroleum, LLC,

Defendant Walter Reissman orchestrated a Ponzi scheme[1] in which the funds were retained by

Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Blackriver Petroleum, LLC.,

Saddle River Capital Corp., and/or Blackwood Capital Limited and upon belief, used to pay

other investors' returns.

4.      The terms of the purported loans and/or investment to Defendant Marketwise

Trading, Inc. and Blackriver Petroleum, LLC. required repayment of the principal loan or

investment plus interest and/or profits/dividends.

5.      The sum of $95,235.66 was paid to Plaintiff Moshe Lefkowitz by Defendant

Walter Reissman, purportedly on behalf of Defendant Marketwise Trading, Inc., as "profit";

although, it is believed that said "profits" were paid using the principal received from Plaintiff

Moshe Lefkowitz, or funds received from others.

6.      The timeframe for repayment of the remaining principal investment and/or loan

plus interest and/or profits/dividends has long passed, and Defendant Walter Reissman,

Defendant Marketwise Trading, Inc. and Defendant Blackriver Petroleum, LLC have failed to

repay the funds owed to Plaintiff Moshe Lefkowitz.

7.      It is believed that Defendant Walter Reissman, Defendant Marketwise Trading,

Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., and

Defendant Blackwood Capital Limited are a group of entities that constitute an enterprise under

the Racketeer Influenced and Corrupt Organizations Act.  As an enterprise they have

---

[1] A "Ponzi scheme" is one "in which earlier investors' returns are generated by the influx of fresh capital from unwitting newcomers rather than through legitimate investment activity." *SEC v. Credit Bancorp, Ltd.,* 290 F.3d 80, 89 (2d Cir.2002) (internal quotation marks omitted).

continuously engaged in ongoing activities in furtherance of a common purpose beginning in or about 2008 to obtain funds from the Plaintiff Moshe Lefkowitz, and other persons, by means of a pattern of fraud and racketeering activity.

8.     This action is for the return of the funds paid by Plaintiff Moshe Lefkowitz that were purportedly for an investment and/or loan, along with interest and/or profits/dividends, for access to examine and inspect Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., and Defendant Blackwood Capital Limited's books and records, and for an award of treble damages and attorney's fees under the Racketeer Influenced and Corrupt Organizations Act.

## THE PARTIES

9.     The Plaintiff Moshe Lefkowitz (hereinafter referred to as "Plaintiff") is an individual residing in the city of Jerusalem, in the State of Israel.

10.     The Defendant Walter Reissman is an individual residing in Monsey, Rockland County, New York.

11.     The Defendant Marketwise Trading, Inc. is a New York domestic business corporation, with its principal place of business located at 13 Zabriskie Terrace, Monsey, Rockland County, New York.

12.     The Defendant Blackriver Petroleum, LLC. is a New York domestic business corporation, with its principal place of business located at 400 Rella Boulevard, Suite 174, Suffern, Rockland County, New York.

13.     The Defendant Saddle River Capital Corp., is a New York domestic business corporation, which was dissolved by Proclamation / Annulment on or about January 27, 2010, and had its principal place of business located at 400 Rella Boulevard, Suite 174, Suffern,

3

Rockland County, New York.

14.     The Defendant Blackwood Capital Limited, is upon information and belief, a Gibraltar corporation, which maintains its principal place of business at 14 Rue du Rhone, Geneva, Switzerland.

15.     Does 1-10 are unknown at this time.   However, it is believed that Does 1-10 are employees and/or agents of Defendant Walter Reissman, Defendant Marketwise Trading, Inc. and Defendant Blackriver Petroleum, LLC, who aided in orchestrating the Ponzi scheme.

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction over all claims asserted herein pursuant to 28 U.S.C. § 1332(a)(2), because there is diversity of citizenship, and the amount in controversy is well in excess of $75,000.00, exclusive of interest and costs.

17.     Venue is appropriate in this judicial district under 28 U.S.C. § 1391(a) because the Defendants reside within this district.

## FACTUAL ALLEGATIONS

18.     Defendant Walter Reissman operates, controls and/or manages Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., and Defendant Blackwood Capital Limited.

Plaintiff's purported "loan" to Defendant Marketwise Trading, Inc.

19.     On or about January 7, 2008, Defendant Walter Reissman induced the Plaintiff to loan the sum of $160,000.00 (One Hundred Sixty Thousand Dollars) to Defendant Marketwise Trading, Inc.

20.     Defendant Walter Reissman induced the Plaintiff to loan the funds by promising that the proceeds were to be repaid in accordance with terms and conditions contained in a

4

Performance Participation Note signed by the Plaintiff and by Defendant Walter Reissman as "Treasurer" of Marketwise Trading, Inc.

21.     Pursuant to the Performance Participation Note, the Defendant Marketwise Trading, Inc. was to repay the principal amount of the loan within fifteen (15) days after the close of business at the end of thirty six (36) months.

22.     In addition, pursuant to the Performance Participation Note, the Plaintiff was to receive 100% of the dividends received from the investment of the loaned funds, and 11.85% of the profit generated from the investment of the loaned funds.

23.     According to the Performance Participation Note, Defendant Marketwise Trading, Inc. guaranteed the principal amount of the note to the Plaintiff.

24.     The term of the purported loan expired in or about January 2011.

25.     To-date, Defendant Marketwise Trading, Inc. has paid $95,235.66 to the Plaintiff, as purported "profit".  However, it is believed that said "profits" never existed, and that upon belief, the payment was made using the principal received from Plaintiff Moshe Lefkowitz, or others.

26.     It is believed that the funds provided by Plaintiff Moshe Lefkowitz for the benefit of Defendant Marketwise Trading, Inc. were instead fraudulently retained by Defendant Walter Reissman and/or Defendant Marketwise Trading, Inc. for their use and benefit, including, for payment to other individuals as purported returns on investments made.

27.     Furthermore, it is believed that Defendant Walter Reissman's sole intent in inducing the Plaintiff to loan the sum of $160,000.00 to Defendant Marketwise Trading, Inc., was to defraud the Plaintiff and continue the Ponzi scheme.

Plaintiff's purported "loan" to Defendant Blackriver Petroleum, LLC.

28.     On or about June 18, 2008, Defendant Walter Reissman induced the Plaintiff to

loan the sum of $210,000.00 (Two Hundred Ten Thousand Dollars) to the Defendant Blackriver

Petroleum, LLC.

29.     Defendant Walter Reissman induced the Plaintiff to loan the funds by promising

that the proceeds were to be repaid in accordance with the terms and conditions contained in a

letter agreement and Promissory Note.

30.     The letter agreement and Promissory Note were signed by the Plaintiff and by

Defendant Walter Reissman as an Authorized Signatory for Saddle River Capital Corp., and by

Andrew Taylor-Kimmins, as Authorized Signatory for Blackwood Capital Limited.

31.     Upon information and belief, Defendant Saddle River Capital Corp. and

Defendant Blackwood Capital Limited, are companies controlled by Defendant Walter

Reissman, and are managing members of Blackriver Petroleum, LLC.

32.     Pursuant to the letter agreement and Promissory Note, Defendant Blackriver

Petroleum, LLC, was to repay the principal amount of the loan to Plaintiff in eighteen months

(18) together with interest at the rate of 13.5% per annum calculated and cumulated annually.

33.     The purported loan was secured by a lien against 950,000 shares of a company

named Enhanced Oil Recovery Group, PLC, which according to the letter agreement is a public

limited company incorporated in the United Kingdom.

34.     In addition, Defendant Blackriver Petroleum, LLC, was to assign/transfer to the

Plaintiff 105,000 ordinary shares of Enhanced Oil Recovery Group, PLC.

35.     There are no records of Enhanced Oil Recovery Group, PLC conducting any

business or transactions.

6

36.   The term of the purported loan expired in or about December 2009.

37.   To-date, Defendant Blackriver Petroleum, LLC has not repaid Plaintiff the principal amount of the purported loan together with interest at the rate of 13.5% per annum calculated and cumulated annually.

38.   Furthermore, to-date, Defendant Blackriver Petroleum, LLC has not issued and/or delivered the shares Enhanced Oil Recovery Group, PLC. to Plaintiff.

39.   It is believed that the funds provided by Plaintiff Moshe Lefkowitz for the benefit of Defendant Blackriver Petroleum, LLC, were instead fraudulently retained by Defendant Walter Reissman, Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp. and Defendant Blackwood Capital Limited, for their use and benefit, including, for payment to other individuals as purported returns on investments made.

40.   Furthermore, it is believed that Defendant Walter Reissman's sole intent in inducing the Plaintiff to loan the sum of $210,000.00 to Defendant Blackriver Petroleum, LLC, was to defraud the Plaintiff and continue the Ponzi scheme.

Plaintiff's purported "investment" with Defendant Blackriver Petroleum, LLC.

41.   On or about August 12, 2008, Defendant Walter Reissman induced the Plaintiff to invest the sum of $136,000.00 (One Hundred Thirty Six Thousand Dollars) with Defendant Blackriver Petroleum, LLC.

42.   In order to effectuate the investment, the Plaintiff wire transferred $100,000.00 to Defendant Blackriver Petroleum, LLC.

43.   An additional $36,000.00 of purported "profits" owed to Plaintiff Moshe Lefkowitz was added to the $100,000.00 by Defendant Walter Reissman on behalf Defendant Blackriver Petroleum, LLC.  Therefore, the investment totaled $136,000.00.

7

44.     Defendant Walter Reissman induced Plaintiff to invest the funds by promising that the proceeds were to be repaid in accordance with the terms and conditions contained in an agreement signed by the Plaintiff and by the Defendant Walter Reissman as Managing Member of Defendant Blackriver Petroleum, LLC.

45.     According to the signed agreement, the invested funds were to be repaid in full or in part from proceeds of the sale of "Greenwood Waskom property" to "Ameroil".

46.     Upon information and belief, "Greenwood Waskom property" is an oil field in Louisiana.

47.     Upon information and belief, "Ameroil" is Ameroil Energy, Inc.

48.     In addition, upon information and belief, the property was sold to Ameroil Energy, Inc.

49.     Additionally, according to the agreement, one-half of the profits from the investment were to be paid to the Plaintiff.

50.     To-date, the $136,000.00, along with profits, has not been paid by the Defendant Blackriver Petroleum, LLC. to the Plaintiff.

51.     It is believed that $100,000.00 provided by Plaintiff Moshe Lefkowitz for the benefit of Defendant Blackriver Petroleum, LLC, was instead fraudulently retained by Defendant Walter Reissman and Defendant Blackriver Petroleum, LLC, for their use and benefit, including, for payment to other individuals as purported returns on investments made.

52.     Furthermore, it is believed that the purported $36,000.00 in "profits" never existed, but was concocted by Defendant Walter Reissman in order to perpetrate and further a pattern of fraud and racketeering activity.

53.     In addition, it is believed that Defendant Walter Reissman's sole intent in

inducing the Plaintiff to invest the sum of $136,000.00 with Defendant Blackriver Petroleum, LLC, was to defraud the Plaintiff and continue the Ponzi scheme.

Defendant Walter Reissman.

54.     Defendant Walter Reissman, according to an online profile, is an "investor" and "deal maker", and his "global investments are under the umbrella of one dozen or so entities in which [he] maintain[s] a controlling interest"[2].

55.     Defendant Walter Reissman has a controlling interest in Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., and Defendant Blackwood Capital Limited and Defendant Reissman operates and/or manages the corporations.

56.     Upon information and belief, Defendant Walter Reissman operates and/or controls Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., and Defendant Blackwood Capital Limited with other persons, who aid him in perpetrating the Ponzi scheme.

57.     Since the purported loans and/or investments were provided to Defendant Walter Reissman for the benefit of Defendant Marketwise Trading, Inc., Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., and Defendant Blackwood Capital Limited , the Plaintiff has asked Defendant Walter Reissman for information regarding the loans and/or investments, the repayment of said loans and/or investments, and to inspect books and records for Defendant Marketwise Trading, Inc., Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., and Defendant Blackwood Capital Limited, among other corporations who upon information and belief, benefited from Plaintiff's loans and/or investments.

---

[2] See, http://www.linkedin.com/in/walterreissman (visited on November 28, 2012).

58.     To-date, Defendant Walter Reissman has not provided any of the information sought to Plaintiff Moshe Lefkowitz.

59.     Plaintiff Moshe Lefkowitz requested that Defendant Walter Reissman attend an arbitration before a rabbinical court to resolve the issues addressed in this Complaint. However, Defendant Walter Reissman did not attend the arbitration.

**COUNT I**
**VIOLATION OF RACKETEER INFLUENCED CORRUPT ORGANIZATION ACT**
*Moshe Lefkowitz v. Walter Reissman, Blackriver Petroleum, LLC,*
*Marketwise Trading, Inc., Saddle River Capital Corp., and Blackwood Capital Limited*

60.     The Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

61.     Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., Defendant Blackwood Capital Limited, and their employees and/or agents constitute a group of entities, individuals and persons associated in fact who constitute an enterprise under 18 USC § 1961(4).

62.     As an enterprise, Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., Defendant Blackwood Capital Limited, and their employees and/or agents are continuously engaged in ongoing activities which affect interstate and/or foreign commerce and have been and are being operated in furtherance of a common purpose beginning in or around 2008, and continuing to the present, to obtain money by means of a pattern of fraud and racketeering activity.

63.     Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., Defendant Blackwood Capital Limited, and their employees and/or agents have committed a pattern of racketeering activities as defined in 18 U.S.C. § 1961(5).

10

64.    In furtherance of this scheme, Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., Defendant Blackwood Capital Limited,  and their employees and/or agents, since 2008, have committed two or more violations of 18 U.S.C. §§ 1341, 1343, and 1956.

65.    The Plaintiff specifically alleges that the Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., Defendant Blackwood Capital Limited, and their employees and/or agents have violated the following criminal statutes on two or more occasions, including but not limited to the following:

(a)    The use of mail delivered by the United States Postal Service, in furtherance of a scheme to defraud, in violation of 18 U.S.C. § 1341;

(b)    The use of writings, sounds or signals transmitted by means of wire communication in interstate or foreign commerce, in furtherance of a scheme to defraud, in violation of 18 U.S.C. § 1343; and,

(c)    Transporting or transmitting a monetary instrument from a place outside the United States to a place inside the United States, with the intent to promote the carrying on of unlawful activity,  in violation of 18 U.S.C. § 1956(a)(2)(A).

66.    In addition to running the affairs of the enterprise through this pattern of racketeering activity, Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., Defendant Blackwood Capital Limited, and their employees and/or agents have used the same pattern of racketeering activity to fraudulently obtain funds from Plaintiff.

67.    Furthermore, upon information and belief, Defendant Walter Reissman,

11

Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., Defendant Blackwood Capital Limited, have used the same pattern of racketeering activity to fraudulently obtain funds from numerous individuals.

68.     Defendant Walter Reissman, Defendant Marketwise Trading, Inc. and Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., Defendant Blackwood Capital Limited, and their employees and/or agents, have used income derived from this pattern of racketeering to invest in the establishment and continued operations of the enterprise, and upon information and belief, other fraudulent schemes, which continue to this date.

69.     Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., Defendant Blackwood Capital Limited,  and their employees and/or agents, agreed to commit and did commit multiple, acts that are predicate acts of racketeering in furtherance of the racketeering enterprise and if remain unchecked, may continue to do so in the future.

70.     The pattern of racketeering activity engaged in by Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., Defendant Blackwood Capital Limited,  and their employees and/or agents, includes, but is not limited to:

(a)     Fraudulently inducing the Plaintiff, on or about January 7, 2008, to wire the sum of $160,000.00 to Defendant Marketwise Trading, Inc., as a purported "loan", by claiming repayment of the principal amount of the loan to Plaintiff in eighteen months (18) together with interest at the rate of 13.5% per annum calculated and cumulated annually, with the intent to defraud the Plaintiff out of said funds;

(b)     Fraudulently inducing the Plaintiff,  on or about June 18, 2008, to wire the

12

sum of $210,000.00 to the Defendant Blackriver Petroleum, LLC, as a purported "loan",

by claiming repayment of the principal amount of the loan and/or investment, secured by

a lien against 950,000 shares of a company named Enhanced Oil Recovery Group, PLC,

to Plaintiff in eighteen months (18) together with interest at the rate of 13.5% per annum

calculated and cumulated annually, along with assignment/transfer to the Plaintiff

105,000 ordinary shares of Enhanced Oil Recovery Group, PLC, with the intent to

defraud the Plaintiff out of said funds;

(c)     Fraudulently inducing the Plaintiff, on or about August 12, 2008, to wire

the sum of $100,000.00 with Defendant Blackriver Petroleum, LLC, as a purported

"investment", by claiming that $36,000.00 of purported "profits" would be included to

total $136,000 as an investment, and that one-half of the profits from the investment were

to be paid to the Plaintiff, with the intent to defraud the Plaintiff out of said funds; and,

(d)     Retaining the fraudulently obtained $506,000.00 for Defendants' use and

benefit, including, upon belief, for payment to other individuals as purported returns on

investments made.

71.     The pattern of racketeering activity engaged in by Defendant Walter Reissman,

Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle

River Capital Corp., Defendant Blackwood Capital Limited, and their employees and/or agents,

includes use of the mails and telephone lines and aiding and abetting in the use of the mails and

telephone lines to execute the fraudulent schemes described herein, including:

(a)     In 2008 Defendant Walter Reissman, Defendant Marketwise Trading, Inc.

and Blackriver Petroleum, LLC received and accepted fraudulently obtained wire

payments from Plaintiff Moshe Lefkowitz totaling $506,000.00.

(b)      In order to induce Plaintiff Moshe Lefkowitz into providing the funds, Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Blackriver Petroleum, LLC and/or its employees and agents, utilized mail, facsimile and telephone.

(c)      In furtherance of the scheme to defraud Plaintiff Moshe Lefkowitz, documentation regarding the purported investment and/or loan, were transmitted by wire and mail.

72.      As a result of the conduct alleged herein, Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Blackriver Petroleum, LLC, Saddle River Capital Corp., Blackwood Capital Limited, and their employees and/or agents, have violated the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. §1962(a), (b) and (c).

73.      As a result of said violations, Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Blackriver Petroleum, LLC, Saddle River Capital Corp., Blackwood Capital Limited, and/or their agents have caused substantial and irreparable economic loss and damage to Plaintiff Moshe Lefkowitz.

## COUNT II
## BREACH OF CONTRACT
### *Moshe Lefkowitz v. Marketwise Trading, Inc.*

74.      The Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

75.      On or about January 7, 2008, the Plaintiff loaned the sum of $160,000.00 (One Hundred Sixty Thousand Dollars) to Defendant Marketwise Trading, Inc.  The terms and conditions of the loan and/or investment were contained in a Performance Participation Note.

76.      Pursuant to the Performance Participation Note the Defendant Marketwise Trading, Inc. was to repay the principal amount of the loan within fifteen (15) days after the

close of business at the end of thirty six (36) months.

77.    In addition, pursuant to the Performance Participation Note the Plaintiff was to receive 100% of the dividends received from the investment of the funds and 11.85% of the profit generated from the invested funds.

78.    The term of the loan and/or investment expired in January 2010.

79.    To-date, Defendant Marketwise Trading, Inc. has paid $95,235.66 as purported "profit", leaving the principal balance of $160,000.00 owed.

80.    The amount of the dividends and profits owed to the Plaintiff, if any, is unknown.

81.    As such, the Plaintiff has been damaged by the Defendant Marketwise Trading, Inc. in the amount of $160,000.00, as well as dividends and 11.85% profit, the amount of which remains unknown.

## COUNT III
## BREACH OF CONTRACT
### *Moshe Lefkowitz v. Blackriver Petroleum, LLC, Saddle River Capital Corp., and Blackwood Capital Limited*

82.    The Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

83.    On or about June 18, 2008, the Plaintiff loaned the sum of $210,000.00 (Two Hundred Ten Thousand Dollars) to the Defendant Blackriver Petroleum, LLC.

84.    Pursuant to a letter agreement and Promissory Note, Defendant Blackriver Petroleum, LLC, was to repay the principal amount of the loan in eighteen (18) months together with interest at the rate of 13.5% per annum calculated and cumulated annually.

85.    The Promissory Note was signed by the Plaintiff and by Defendant Walter Reissman as an Authorized Signatory for Saddle River Capital Corp., and by Andrew Taylor-Kimmins, as Authorized Signatory for Blackwood Capital Limited.

15

86.     Upon belief, Saddle River Capital Corp. and Blackwood Capital Limited, are companies controlled by Defendant Walter Reissman, and are managing members of Blackriver Petroleum, LLC.

87.     The loan was secured by a lien against 950,000 shares of Enhanced Oil Recovery Group, PLC; also, Defendant Blackriver Petroleum, LLC, was to assign/transfer to the Plaintiff 105,000 ordinary shares of Enhanced Oil Recovery Group, PLC.

88.     The term of the loan and/or investment expired in or about December 2009.

89.     To-date, Defendant Blackriver Petroleum, LLC has not repaid Plaintiff the principal amount of the loan together with interest at the rate of 13.5% per annum calculated and cumulated annually.

90.     Furthermore, to-date, Defendant Blackriver Petroleum, LLC has not issued and/or delivered to Plaintiff the shares of Enhanced Oil Recovery Group, PLC.

91.     As such, the Plaintiff has been damaged in the amount of $210,000.00 together with interest at the rate of 13.5% per annum calculated and cumulated annually from June 18, 2008; and the Plaintiff has been damaged as the shares of Enhanced Oil Recovery Group, PLC has not been assigned/transferred to him.

## COUNT IV
## BREACH OF CONTRACT
### *Moshe Lefkowitz v. Blackriver Petroleum, LLC*

92.     The Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

93.     On or about August 12, 2008, the Plaintiff invested the sum of $136,000.00 (One Hundred Thirty Six Thousand Dollars) with Defendant Blackriver Petroleum, LLC.

94.     The $136,000.00 loan and/or investment comprised of a transfer by Plaintiff

16

Moshe Lefkowitz of $100,000.00 to Defendant Blackriver Petroleum, LLC.

95.     An additional $36,000.00 in purported profits owed to Plaintiff Moshe Lefkowitz

was included to the $100,000.00 transfer, which resulted in a total investment of $136,000.00.

96.     The invested funds were to be repaid in full or in part from proceeds of the sale of

"Greenwood Waskom property" to "Ameroil".

97.     Upon information and belief, the property was sold to Ameroil Energy, Inc.

98.     In addition, one-half of the profits from the invested funds were to be paid to the

Plaintiff.

99.     To-date, the $136,000.00, along with any profit, has yet to be repaid by Defendant

Blackriver Petroleum, LLC. to the Plaintiff.

100.    As such, the Plaintiff has been damaged in the amount of $136,000.00, as well as

one-half of the profits generated from the loan and/or investment.

**COUNT V**
**REQUEST FOR INSPECTION OF CORPORATE BOOKS AND RECORDS**
**PURSUANT TO NEW YORK BUSINESS CORPORATION LAW § 624**
*Moshe Lefkowitz v. Walter Reissman, Blackriver Petroleum, LLC,*
*Marketwise Trading, Inc., Saddle River Capital Corp., and Blackwood Capital Limited*

101.    The Plaintiff repeats and realleges each and every allegation contained above, as

though fully set forth herein.

102.    Plaintiff Moshe Lefkowitz, under the laws of the State of New York, is a

shareholder of Defendant Blackriver Petroleum, LLC, Defendant Marketwise Trading, Inc.,

Defendant Saddle River Capital Corp., and Blackwood Capital Limited.

103.    In accordance with New York Business Corporation Law § 624, Plaintiff Moshe

Lefkowitz served Defendant Walter Reissman with written demand to review, examine and

inspect Defendant Blackriver Petroleum, LLC, Defendant Marketwise Trading, Inc., Defendant

Saddle River Capital Corp., and Blackwood Capital Limited's corporate books and records.

104. Defendant Walter Reissman denied Plaintiff Moshe Lefkowitz's request to review, examine and inspect Defendant Blackriver Petroleum, LLC, Defendant Marketwise Trading, Inc., Defendant Saddle River Capital Corp., and Blackwood Capital Limited's corporate books and records.

105. The Plaintiff has been harmed as he has not been provided access to review, examine and inspect Defendant Blackriver Petroleum, LLC, Defendant Marketwise Trading, Inc., Defendant Saddle River Capital Corp., and Blackwood Capital Limited's books and records in accordance with New York Business Corporation Law § 624.

**COUNT VI**
**CONVERSION**
*Moshe Lefkowitz v. Walter Reissman*

106. The Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

107. In 2008 the Plaintiff provided the total sum of $506,000.00 to Defendant Walter Reissman, in his capacity as an agent, representative and/or member of Defendant Marketwise Trading, Inc. and Defendant Blackriver Petroleum, LLC, for use and/or investment by those corporations.

108. Defendant Walter Reissman had an obligation to treat the invested and/or loaned funds provided by Plaintiff Moshe Lefkowitz in a particular manner pursuant to the various agreements.

109. The Plaintiff has possessory right and interest in the funds loaned and/or invested with Defendant Marketwise Trading, Inc. and Defendant Blackriver Petroleum, LLC.

110. Upon belief, Defendant Walter Reissman has wrongfully exercised dominion and

18

control over the funds that the Plaintiff invested and/or loaned to Defendant Marketwise Trading, Inc. and Defendant Blackriver Petroleum, LLC.

111.    As a result, the Plaintiff has been damaged in the amount of $506,000.00, together with interest.

**COUNT VII**
**UNJUST ENRICHMENT**
*Moshe Lefkowitz v. Walter Reissman*

112.    The Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

113.    In 2008 the Plaintiff provided the total sum of $506,000.00 to Defendant Walter Reissman, in his capacity as an agent, representative and/or member of Defendant Marketwise Trading, Inc. and Defendant Blackriver Petroleum, LLC, for use and/or investment by those corporations.

114.    Upon belief, Defendant Walter Reissman has personally reaped the benefits of the funds that the Plaintiff invested and/or loaned to Defendant Marketwise Trading, Inc. and Defendant Blackriver Petroleum, LLC, to the detriment of the Plaintiff.

115.    It is against equity and good conscience to permit Defendant Walter Reissman to retain the funds that the Plaintiff invested and/or loaned to Defendant Marketwise Trading, Inc. and Defendant Blackriver Petroleum, LLC, which the Plaintiff seeks to recover.

116.    As a result, the Plaintiff has been damaged in the amount of $506,000.00, together with interest.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff Moshe Lefkowitz respectfully requests that this Court enter judgment in favor of the Plaintiff against Defendant Walter Reissman, Defendant Marketwise

19

Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., Defendant Blackwood Capital Limited, and Does 1-10, as follows:

a.  On COUNT I, the Plaintiff is entitled to an amount to be determined, but not less than $1,518,000.00 ($506,000.00 trebled);

b.  On COUNT II, the Plaintiff is entitled to an amount to be determined, but not less than $160,000.00, as well as dividends and 11.85% profit from Defendant Marketwise Trading, Inc.;

c.  On COUNT III, the Plaintiff is entitled to an amount to be determined, but not less than $210,000.00 together with interest at the rate of 13.5% per annum calculated and cumulated annually from June 18, 2008; and the Plaintiff is entitled to the assignment/transfer 105,000 ordinary shares of Enhanced Oil Recovery Group, PLC;

d.  On COUNT IV, the Plaintiff is entitled to an amount to be determined, but not less than $136,000.00; and the Plaintiff is entitled to one-half of the profits generated from the loan and/or investment;

e.  On COUNT V, the Plaintiff is entitled to review, inspect, and examine the books and records for Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC., Defendant Saddle River Capital Corp., and Defendant Blackwood Capital Limited;

f.  On COUNT VI, the Plaintiff is entitled to $506,000.00, plus interest;

g.  On COUNT VII, the Plaintiff is entitled to $506,000.00, plus interest; and,

h.  The Plaintiff is entitled to an award of attorney's fees, and costs; and for any such other and further award or relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff hereby demands a trial by jury on all issues triable by jury.

Dated: Brooklyn, New York
       November 29, 2012

                              MENDEL ZILBERBERG & ASSOCIATES, P.C.
                              Attorneys for Plaintiff Moshe Lefkowitz

                By:                            
                              Mendel Zilberberg (MZ-6625)
                              6619 Thirteenth Avenue
                              Brooklyn, New York 11219
                              Telephone (718) 256-2000
                              Facsimile (718) 256-7900
                              Email: mz@amalgamail.com