MENDEL ZILBERBERG & ASSOCIATES, P.C.
6619 Thirteenth Avenue
Brooklyn, New York 11219
Telephone: (718) 256-2000
Facsimile: (718) 256-7900
E-mail: mz@amalgamail.com
Attorneys for Plaintiff Moshe Lefkowitz

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOSHE LEFKOWITZ,<br>        Plaintiff,<br><br>        v.<br><br>WALTER REISSMAN, MARKETWISE<br>TRADING, INC., BLACKRIVER<br>PETROLEUM, LLC, SADDLE RIVER<br>CAPITAL CORP., DOES 1-10, and<br>CORPORATE DOES 1-10,<br>        Defendants. | CIVIL ACTION<br>NO.: 12-cv-8703-RA<br><br><br>**FIRST AMENDED COMPLAINT<br>AND JURY DEMAND** |

Plaintiff Moshe Lefkowitz, by his attorneys, MENDEL ZILBERBERG &

ASSOCIATES, P.C., alleges as and for a First Amended Complaint against Defendant Walter

Reissman, Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC,

Defendant Saddle River Capital Corp., Does 1-10, and Corporate Does 1-10, the following:

## SUMMARY OF THE COMPLAINT

1.      Defendant Walter Reissman operates, controls and/or manages Defendant

Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, and Defendant Saddle River

Capital Corp.

2.      In 2008 Defendant Walter Reissman induced Plaintiff Moshe Lefkowitz to invest

and/or loan at least $506,000.00 to Defendant Marketwise Trading, Inc. and Blackriver

Petroleum, LLC.

3.      It is believed that rather than use the funds provided by Plaintiff Moshe Lefkowitz for the benefit of Defendant Marketwise Trading, Inc. and Blackriver Petroleum, LLC, Defendant Walter Reissman orchestrated a Ponzi scheme[1] in which the funds were retained by Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Blackriver Petroleum, LLC., and/or Saddle River Capital Corp., and upon belief, used to pay other investors' returns.

4.      The terms of the purported loans and/or investment to Defendant Marketwise Trading, Inc. and Blackriver Petroleum, LLC. required repayment of the principal loan or investment plus interest and/or profits/dividends.

5.      The sum of $95,235.66 was paid to Plaintiff Moshe Lefkowitz by Defendant Walter Reissman, purportedly on behalf of Defendant Marketwise Trading, Inc., as "profit"; although, it is believed that said "profits" were paid using the principal received from Plaintiff Moshe Lefkowitz investment, or funds received from others.

6.      The timeframe for repayment of the remaining principal investment and/or loan plus interest and/or profits/dividends has long passed, and Defendant Walter Reissman, Defendant Marketwise Trading, Inc. and Defendant Blackriver Petroleum, LLC have failed to repay the funds owed to Plaintiff Moshe Lefkowitz or provide any accounting.

7.      It is believed that Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, and Defendant Saddle River Capital Corp. are a group of entities that constitute an enterprise under the Racketeer Influenced and Corrupt Organizations Act.  As an enterprise they have continuously engaged in ongoing activities in furtherance of a common purpose beginning in or about 2008 to obtain funds from the Plaintiff

---

[1] A "Ponzi scheme" is one "in which earlier investors' returns are generated by the influx of fresh capital from unwitting newcomers rather than through legitimate investment activity." *SEC v. Credit Bancorp,Ltd.,* 290 F.3d 80, 89 (2d Cir.2002) (internal quotation marks omitted).

Moshe Lefkowitz, and numerous other persons or entities, by means of a pattern of fraud and racketeering activity.

8.      Upon information and belief, under circumstances similar to the facts of this case, Defendant Walter Reissman, along with the Defendants in this action and/or other corporations, including, but not limited to, Blackwood Capital Limited, and Blackwood Ventures LLC, fraudulently obtained and solicited funds from numerous other persons in furtherance of the Ponzi scheme

9.      This action is for the return of the funds paid by Plaintiff Moshe Lefkowitz that were purportedly for an investment and/or loan, along with interest and/or profits/dividends, for punitive damages, and for an award of treble damages and attorney's fees under the Racketeer Influenced and Corrupt Organizations Act.

## THE PARTIES

10.      The Plaintiff Moshe Lefkowitz (hereinafter referred to as "Plaintiff") is an individual residing in the city of Jerusalem, in the State of Israel.

11.      The Defendant Walter Reissman is an individual residing in Monsey, Rockland County, New York.

12.      The Defendant Marketwise Trading, Inc. is a New York domestic business corporation, with its principal place of business located at 13 Zabriskie Terrace, Monsey, Rockland County, New York.

13.      The Defendant Blackriver Petroleum, LLC. is a New York domestic business corporation, with its principal place of business located at 400 Rella Boulevard, Suite 174, Suffern, Rockland County, New York.

14.      The Defendant Saddle River Capital Corp., is a New York domestic business

corporation, which was dissolved by Proclamation / Annulment on or about January 27, 2010, and had its principal place of business located at 400 Rella Boulevard, Suite 174, Suffern, Rockland County, New York.

15.     Does 1-10 are unknown at this time.   However, it is believed that Does 1-10 are employees and/or agents of Defendant Walter Reissman, Defendant Marketwise Trading, Inc. and Defendant Blackriver Petroleum, LLC, who aided in orchestrating the Ponzi scheme.

16.     Corporate Does 1-10 are unknown at this time.   However, it is believed that there are several unidentified corporations who aided in orchestrating the Ponzi scheme.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction over all claims asserted herein pursuant to 28 U.S.C. § 1332(a)(2), because there is diversity of citizenship, and the amount in controversy is well in excess of $75,000.00, exclusive of interest and costs.

18.     This Court has subject matter jurisdiction over all claims asserted herein under 28 U.S.C. § 1331 because this action arises under the laws of the United States, and 18 U.S.C.  § 1964(c) because this action alleges violation of the Racketeer Influenced Corrupt Organizations Act ("RICO").

19.     This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the Plaintiff's state law claims.

20.     Venue is appropriate in this judicial district under 28 U.S.C. § 1391(a) because the Defendants reside within this district.

## FACTUAL ALLEGATIONS

21.     Defendant Walter Reissman operates, controls and/or manages Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, and Defendant Saddle River

4

Capital Corp.

## Plaintiff's purported "loan" to Defendant Marketwise Trading, Inc.

22.     On or about January 7, 2008, Defendant Walter Reissman induced the Plaintiff to loan the sum of $160,000.00 (One Hundred Sixty Thousand Dollars) to Defendant Marketwise Trading, Inc.

23.     Defendant Walter Reissman induced the Plaintiff to loan the funds by promising that the proceeds were to be repaid in accordance with terms and conditions contained in a Performance Participation Note signed by the Plaintiff and by Defendant Walter Reissman as "Treasurer" of Marketwise Trading, Inc.

24.     Pursuant to the Performance Participation Note, the Defendant Marketwise Trading, Inc. was to repay the principal amount of the loan within fifteen (15) days after the close of business at the end of thirty six (36) months.

25.     In addition, pursuant to the Performance Participation Note, the Plaintiff was to receive 100% of the dividends received from the investment of the loaned funds, and 11.85% of the profit generated from the investment of the loaned funds.

26.     According to the Performance Participation Note, Defendant Marketwise Trading, Inc. guaranteed the principal amount of the note to the Plaintiff.

27.     The term of the purported loan expired in or about January 2011.

28.     To-date, Defendant Marketwise Trading, Inc. has paid $95,235.66 to the Plaintiff, as purported "profit".

29.     However, it is believed that said "profits" never existed, and that upon belief, the payment was made using the principal received from Plaintiff Moshe Lefkowitz, or others.

30.     It is believed that the funds provided by Plaintiff Moshe Lefkowitz for the benefit

of Defendant Marketwise Trading, Inc. were instead fraudulently retained by Defendant Walter

Reissman and/or Defendant Marketwise Trading, Inc. for their use and benefit, including, for

payment to other individuals as purported returns on investments made.

31.     Furthermore, it is believed that Defendant Walter Reissman's sole intent in

inducing the Plaintiff to loan the sum of $160,000.00 to Defendant Marketwise Trading, Inc.,

was to defraud the Plaintiff and continue the Ponzi scheme.

**Plaintiff's purported "loan" to Defendant Blackriver Petroleum, LLC.**

32.     On or about June 18, 2008, Defendant Walter Reissman induced the Plaintiff to

loan the sum of $210,000.00 (Two Hundred Ten Thousand Dollars) to the Defendant Blackriver

Petroleum, LLC.

33.     Defendant Walter Reissman induced the Plaintiff to loan the funds by promising

that the proceeds were to be repaid in accordance with the terms and conditions contained in a

letter agreement and Promissory Note.

34.     The letter agreement and Promissory Note were signed by the Plaintiff and by

Defendant Walter Reissman as an Authorized Signatory for Saddle River Capital Corp., and by

Andrew Taylor-Kimmins, as Authorized Signatory for Blackwood Capital Limited.

35.     Upon information and belief, Defendant Saddle River Capital Corp. and

Defendant Blackwood Capital Limited, are companies controlled by Defendant Walter

Reissman, and are managing members of Blackriver Petroleum, LLC.

36.     Pursuant to the letter agreement and Promissory Note, Defendant Blackriver

Petroleum, LLC, was to repay the principal amount of the loan to Plaintiff in eighteen (18)

months together with interest at the rate of 13.5% per annum calculated and cumulated annually.

37.     The purported loan was secured by a lien against 950,000 shares of a company

named Enhanced Oil Recovery Group, PLC, which according to the letter agreement is a public limited company incorporated in the United Kingdom.

38.     In addition, Defendant Blackriver Petroleum, LLC, was to assign/transfer to the Plaintiff 105,000 ordinary shares of Enhanced Oil Recovery Group, PLC.

39.     There are no records of Enhanced Oil Recovery Group, PLC conducting any business or transactions.

40.     The term of the purported loan expired in or about December 2009.

41.     To-date, Defendant Blackriver Petroleum, LLC has not repaid Plaintiff the principal amount of the purported loan together with interest at the rate of 13.5% per annum calculated and cumulated annually.

42.     Furthermore, to-date, Defendant Blackriver Petroleum, LLC has not issued and/or delivered the shares Enhanced Oil Recovery Group, PLC. to Plaintiff.

43.     It is believed that the funds provided by Plaintiff Moshe Lefkowitz for the benefit of Defendant Blackriver Petroleum, LLC, were instead fraudulently retained by Defendant Walter Reissman, Defendant Blackriver Petroleum, LLC, and Defendant Saddle River Capital Corp. for their use and benefit, including, for payment to other individuals as purported returns on investments made.

44.     Furthermore, it is believed that Defendant Walter Reissman's sole intent in inducing the Plaintiff to loan the sum of $210,000.00 to Defendant Blackriver Petroleum, LLC, was to defraud the Plaintiff and continue the Ponzi scheme.

**Plaintiff's purported "investment" with Defendant Blackriver Petroleum, LLC.**

45.     On or about August 12, 2008, Defendant Walter Reissman induced the Plaintiff to invest the sum of $136,000.00 (One Hundred Thirty Six Thousand Dollars) with Defendant

Blackriver Petroleum, LLC.

46.     In order to effectuate the investment, the Plaintiff wire transferred $100,000.00 to Defendant Blackriver Petroleum, LLC.

47.     An additional $36,000.00 of purported "profits" owed to Plaintiff Moshe Lefkowitz was added to the $100,000.00 by Defendant Walter Reissman purportedly on behalf Defendant Blackriver Petroleum, LLC.  Therefore, the investment totaled $136,000.00.

48.     Defendant Walter Reissman induced Plaintiff to invest the funds by promising that the proceeds were to be repaid in accordance with the terms and conditions contained in an agreement signed by the Plaintiff and by the Defendant Walter Reissman as Managing Member of Defendant Blackriver Petroleum, LLC.

49.     According to the signed agreement, the invested funds were to be repaid in full or in part from proceeds of the sale of "Greenwood Waskom property" to "Ameroil".

50.     Upon information and belief, "Greenwood Waskom property" is an oil field in Louisiana.

51.     Upon information and belief, "Ameroil" is Ameroil Energy, Inc.

52.     In addition, upon information and belief, the property was sold to Ameroil Energy, Inc.

53.     Additionally, according to the agreement, one-half of the profits from the investment were to be paid to the Plaintiff.

54.     To-date, the $136,000.00, along with profits, has not been paid by the Defendant Blackriver Petroleum, LLC. to the Plaintiff.

55.     It is believed that $100,000.00 provided by Plaintiff Moshe Lefkowitz for the benefit of Defendant Blackriver Petroleum, LLC, was instead fraudulently retained by Defendant

Walter Reissman and Defendant Blackriver Petroleum, LLC, for their use and benefit, including, for payment to other individuals as purported returns on investments made.

56.     Furthermore, it is believed that the purported $36,000.00 in "profits" never existed, but was concocted by Defendant Walter Reissman in order to perpetrate and further a pattern of fraud and racketeering activity.

57.     In addition, it is believed that Defendant Walter Reissman's sole intent in inducing the Plaintiff to invest the sum of $136,000.00 with Defendant Blackriver Petroleum, LLC, was to defraud the Plaintiff and continue the Ponzi scheme.

**Defendant Walter Reissman.**

58.     Defendant Walter Reissman, according to an online profile, is an "investor" and "deal maker", and his "global investments are under the umbrella of one dozen or so entities in which [he] maintain[s] a controlling interest"[2].

59.     Defendant Walter Reissman has a controlling interest in Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, and Defendant Saddle River Capital Corp., and Defendant Reissman operates and/or manages the corporations.

60.     Upon information and belief, Defendant Walter Reissman operates and/or controls Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, and Defendant Saddle River Capital Corp. with other persons, who aid him in perpetrating the Ponzi scheme.

61.     Since the purported loans and/or investments were provided to Defendant Walter Reissman for the benefit of Defendant Marketwise Trading, Inc., Blackriver Petroleum, LLC, and Defendant Saddle River Capital Corp., the Plaintiff has asked Defendant Walter Reissman

---

[2] See, http://www.linkedin.com/in/walterreissman (visited on November 28, 2012).

for information regarding the loans and/or investments, the repayment of said loans and/or investments, and to inspect books and records for Defendant Marketwise Trading, Inc., Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., and Blackwood Capital Limited (which is no longer a party to this action) among other corporations who upon information and belief, benefited from Plaintiff's loans and/or investments.

62.     To-date, Defendant Walter Reissman has not provided any of the information sought by Plaintiff Moshe Lefkowitz.

63.     Plaintiff Moshe Lefkowitz summonsed Defendant Walter Reissman to an arbitration before a rabbinical court to resolve the issues addressed in this Complaint.  However, Defendant Walter Reissman did not appear for the arbitration.

<u>COUNT I</u>
**VIOLATION OF RACKETEER INFLUENCED CORRUPT ORGANIZATION ACT**
*Moshe Lefkowitz v. Walter Reissman, Blackriver Petroleum, LLC,*
*Marketwise Trading, Inc., and Saddle River Capital Corp.*

64.     The Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

65.     Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, and Defendant Saddle River Capital Corp., and their employees and/or agents constitute a group of entities, individuals and persons associated in fact who constitute an enterprise under 18 U.S.C. § 1961(4).

66.     Defendant Walter Reissman is the primary operator of the enterprise, and controls Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, and Defendant Saddle River Capital Corp.

67.     Upon information and belief, Defendant Blackriver Petroleum, LLC's role within the enterprise was to hold itself out as a business which invests in the oil industry, when in fact,

the company has no commercial purpose; but rather, it was established in order to dupe victims into investing in a Ponzi scheme.

68.     Upon information and belief, Defendant Saddle River Capital Corp.'s role within the enterprise was to hold itself as a business which raised capital for investment in the oil industry, when in fact, the company had no commercial purpose; but rather, it was established in order to dupe victims into investing in a Ponzi scheme.

69.     Upon information and belief, the President of Defendant Saddle River Capital Corp. was Frank Magliato, an individual convicted of second degree murder, which was reduced to manslaughter in the second degree by the Appellate Division, First Department (People v. Magliato, 68 N.Y.2d 24 (1986)), for which he completed a sentence of 4 to 12 years in state prison.

70.     Upon information and belief, Defendant Marketwise Trading, Inc.'s role within the enterprise was to hold itself as a business which raised capital for investment purposes when in fact, the company had no commercial purpose; but rather, it was established in order to dupe victims into investing in a Ponzi scheme.

71.     As an enterprise, Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., and their employees and/or agents are continuously engaged in ongoing activities which affect interstate and/or foreign commerce and have been and are being operated in furtherance of a common purpose beginning in or around 2008, and continuing to the present, to obtain money by means of a pattern of fraud and racketeering activity.

72.     Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., and their employees and/or

agents have committed a pattern of racketeering activities as defined in 18 U.S.C. § 1961(5).

73.     In furtherance of this scheme, Defendant Walter Reissman, Defendant

Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River

Capital Corp., and their employees and/or agents, since 2008, have committed two or more

violations of 18 U.S.C. §§ 1341, 1343, and 1956.

74.     The Plaintiff specifically alleges that the Defendant Walter Reissman, Defendant

Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River

Capital Corp., and their employees and/or agents have violated the following criminal statutes on

two or more occasions, by:

(a)     The use of mail delivered by the United States Postal Service, in

furtherance of a scheme to defraud, in violation of 18 U.S.C. § 1341;

(b)     The use of writings, sounds or signals transmitted by means of wire

communication in interstate or foreign commerce, in furtherance of a scheme to defraud,

in violation of 18 U.S.C. § 1343; and,

(c)     Transporting or transmitting a monetary instrument from a place outside

the United States to a place inside the United States, with the intent to promote the

carrying on of unlawful activity,  in violation of 18 U.S.C. § 1956(a)(2)(A).

75.     In addition to running the affairs of the enterprise through a pattern of

racketeering activity, Defendant Walter Reissman, Defendant Marketwise Trading, Inc.,

Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., and their

employees and/or agents have used the same pattern of racketeering activity to fraudulently

obtain $506,000,00 from Plaintiff in furtherance of the Ponzi scheme.

76.     Furthermore, upon information and belief, Defendant Walter Reissman,

Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, and Defendant Saddle River Capital Corp., have used the same pattern of racketeering activity to fraudulently obtain funds from numerous other individuals in furtherance of the Ponzi scheme.

77.     Defendant Walter Reissman, Defendant Marketwise Trading, Inc. and Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., and their employees and/or agents, have used income derived from this pattern of racketeering to invest in the establishment and continued operations of the enterprise, and upon information and belief, other fraudulent schemes, which continue to this date.

78.     Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., and their employees and/or agents, agreed to commit and did commit multiple, acts that are predicate acts of racketeering in furtherance of the racketeering enterprise and if remain unchecked, may continue to do so in the future.

79.     The pattern of racketeering activity engaged in by Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., and their employees and/or agents, included:

(a)     Fraudulently inducing the Plaintiff, on or about January 7, 2008, to wire the sum of $160,000.00 to Defendant Marketwise Trading, Inc., as a purported "loan", by claiming repayment of the principal amount of the loan to Plaintiff in eighteen months (18) together with interest at the rate of 13.5% per annum calculated and cumulated annually, with the intent to defraud the Plaintiff out of said funds in furtherance of the Ponzi scheme, in violation of 18 U.S.C. § 1343;

(b)     Fraudulently inducing the Plaintiff, on or about June 18, 2008, to wire the

13

sum of $210,000.00 to the Defendant Blackriver Petroleum, LLC, as a purported "loan",

by claiming repayment of the principal amount of the loan and/or investment, secured by

a lien against 950,000 shares of a company named Enhanced Oil Recovery Group, PLC,

to Plaintiff in eighteen months (18) together with interest at the rate of 13.5% per annum

calculated and cumulated annually, along with assignment/transfer to the Plaintiff

105,000 ordinary shares of Enhanced Oil Recovery Group, PLC, with the intent to

defraud the Plaintiff out of said funds in furtherance of the Ponzi scheme, in violation of

18 U.S.C. § 1343;

   (c) Fraudulently inducing the Plaintiff, on or about August 12, 2008, to wire

the sum of $100,000.00 to the Defendant Blackriver Petroleum, LLC, as a purported

"investment", by claiming that $36,000.00 of purported "profits" would be included to

total $136,000 as an investment, and that one-half of the profits from the investment were

to be paid to the Plaintiff, with the intent to defraud the Plaintiff out of said funds in

furtherance of the Ponzi scheme, in violation of 18 U.S.C. § 1343;

   (d) Using the mail on numerous dates in 2008 to send documents, including,

purported letter agreements, promissory notes, and receipts, to the Plaintiff in Israel

which were used to fraudulently induce the Plaintiff into providing the Defendants with

$506,000.00 which was used in furtherance of the Defendants' Ponzi scheme, in violation

of 18 U.S.C. § 1341; and

   (e) Transporting or transmitting monetary instruments on or about January 7,

2008, June 18, 2008, and August 12, 2008 from Israel into the United States, with the

intent to promote the carrying on of the Ponzi scheme, in violation of 18 U.S.C. §

1956(a)(2)(A).

80.     Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, and Defendant Saddle River Capital Corp.'s fraud as described herein is ongoing, continuing, open ended, and others are being and/or will be victimized by the Defendants.

81.     Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, and Defendant Saddle River Capital Corp.'s regular way of conducting their purported business involved fraudulently misrepresenting investment opportunities, when in fact, their entire enterprise was arranged in order to further their Ponzi scheme.

82.     Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, and Defendant Saddle River Capital Corp., as persons within the meaning of 18 U.S.C. §1961(3), received income derived, directly or indirectly, from a pattern of racketeering activity which was then put back into interstate commerce and the enterprise in violation of 18 U.S.C. §1962(a) and (b).

83.     Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, and Defendant Saddle River Capital Corp., as persons within the meaning of 18 U.S.C. §1961(3), through a pattern of racketeering activity, acquired and/or maintained directly or indirectly, control of said enterprise in violation of 18 U.S.C. §1962(b).

84.     Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, and Defendant Saddle River Capital Corp., as persons within the meaning of 18 U.S.C. §1961(3) and as persons employed by/associated with said enterprise, conducted and participated, directly and indirectly, in the conduct of the affairs of said enterprise through a pattern of racketeering activity in violation of 18 U.S.C. §1962(c).

85.     As a result of said violations, Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Blackriver Petroleum, LLC, Saddle River Capital Corp. and/or their employees and/or agents have caused substantial and irreparable economic loss and damage to Plaintiff Moshe Lefkowitz.

86.     The conduct by the Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, and Defendant Saddle River Capital Corp., and their employees and/or agents, proximately caused the injuries and damages sustained by Plaintiff Moshe Lefkowitz.

**COUNT II**
**BREACH OF CONTRACT**
*Moshe Lefkowitz v. Marketwise Trading, Inc.*

87.     The Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

88.     On or about January 7, 2008, the Plaintiff loaned the sum of $160,000.00 (One Hundred Sixty Thousand Dollars) to Defendant Marketwise Trading, Inc.

89.     The terms and conditions of the loan and/or investment were contained in a Performance Participation Note.

90.     Pursuant to the Performance Participation Note the Defendant Marketwise Trading, Inc. was to repay the principal amount of the loan within fifteen (15) days after the close of business at the end of thirty six (36) months.

91.     In addition, pursuant to the Performance Participation Note the Plaintiff was to receive 100% of the dividends received from the investment of the funds and 11.85% of the profit generated from the invested funds.

92.     The term of the loan and/or investment expired in January 2010.

93.     To-date, Defendant Marketwise Trading, Inc. has paid $95,235.66 as purported "profit", leaving the principal balance of $160,000.00 owed.

94.     The amount of the dividends and profits owed to the Plaintiff, if any, is unknown.

95.     Pursuant to the Performance Participation Note, the Plaintiff Moshe Lefkowitz requested that Defendant Marketwise Trading, Inc., through its representative, Defendant Walter Reissman, attend an arbitration before a rabbinical court; however, Defendant Walter Reissman refused to attend the arbitration, thereby waiving any right to arbitrate the matter.

96.     As such, the Plaintiff has been damaged by the Defendant Marketwise Trading, Inc. in the amount of $160,000.00, as well as dividends and 11.85% profit, the amount of which remains unknown, and interest.

**COUNT III**
**FRAUD IN THE INDUCEMENT**
*Moshe Lefkowitz v. Marketwise Trading, Inc.*

97.     The Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

98.     Upon information and belief, Defendant Marketwise Trading, Inc. is not licensed to trade in commodities on behalf of investors, and did not provide any requisite disclosures to the Plaintiff.

99.     On or about January 7, 2008, the Plaintiff provided the sum of $160,000.00 (One Hundred Sixty Thousand Dollars) to Defendant Marketwise Trading, Inc., purportedly in accordance with terms and conditions that were contained in a Performance Participation Note.

100.    Pursuant to the Performance Participation Note the Defendant Marketwise Trading, Inc. was to invest Plaintiff's funds in a purported commodities trading account.

101.    In order to induce Plaintiff Moshe Lefkowitz into entering into the Performance

17

Participation Note, Defendant Marketwise Trading, Inc. fraudulently misrepresented that the Defendant would invest the Plaintiff's funds.

102.    Upon information and belief, the Defendant Marketwise Trading, Inc. never intended to invest the Plaintiff's funds; but rather, the funds were to be used to further Defendant Marketwise Trading, Inc.'s ongoing Ponzi scheme and to pay other purported investors using the Plaintiff's funds.

103.    Plaintiff Moshe Lefkowitz relied on Defendant Marketwise Trading, Inc.'s fraudulent misrepresentation, which inducted the Plaintiff to enter into the Performance Participation Note and provide the sum of $160,000.00 to Defendant Marketwise Trading, Inc.

104.    As a direct and proximate result of the Defendant Marketwise Trading, Inc.'s fraud, the Plaintiff has been harmed and damaged in the amount of $160,000.00, with interest.

105.    As a result of Defendant Marketwise Trading, Inc.'s fraudulent conduct, the Plaintiff is entitled to an award of punitive damages.

**COUNT IV**
**BREACH OF CONTRACT**
*Moshe Lefkowitz v. Blackriver Petroleum, LLC and Saddle River Capital Corp.*

106.    The Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

107.    On or about June 18, 2008, the Plaintiff loaned the sum of $210,000.00 (Two Hundred Ten Thousand Dollars) to the Defendant Blackriver Petroleum, LLC.

108.    Pursuant to a letter agreement and Promissory Note, Defendant Blackriver Petroleum, LLC, was to repay the principal amount of the loan in eighteen (18) months together with interest at the rate of 13.5% per annum calculated and cumulated annually.

109.    The Promissory Note was signed by the Plaintiff and by Defendant Walter

Reissman as an Authorized Signatory for Saddle River Capital Corp., and by Andrew Taylor-Kimmins, as Authorized Signatory for Blackwood Capital Limited.

110.    Upon belief, Saddle River Capital Corp. and Blackwood Capital Limited, are companies controlled by Defendant Walter Reissman, and are managing members of Blackriver Petroleum, LLC.

111.    The loan was secured by a lien against 950,000 shares of Enhanced Oil Recovery Group, PLC; also, Defendant Blackriver Petroleum, LLC, was to assign/transfer to the Plaintiff 105,000 ordinary shares of Enhanced Oil Recovery Group, PLC.

112.    The term of the loan and/or investment expired in or about December 2009.

113.    To-date, Defendant Blackriver Petroleum, LLC has not repaid Plaintiff the principal amount of the loan together with interest at the rate of 13.5% per annum calculated and cumulated annually.

114.    Furthermore, to-date, Defendant Blackriver Petroleum, LLC has not issued and/or delivered to Plaintiff the shares of Enhanced Oil Recovery Group, PLC.

115.    As such, the Plaintiff has been damaged in the amount of $210,000.00 together with interest at the rate of 13.5% per annum calculated and cumulated annually from June 18, 2008; and the Plaintiff has been damaged as the shares of Enhanced Oil Recovery Group, PLC has not been assigned/transferred to him.

## COUNT V
## BREACH OF CONTRACT
### *Moshe Lefkowitz v. Blackriver Petroleum, LLC*

116.    The Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

117.    On or about August 12, 2008, the Plaintiff invested the sum of $136,000.00 (One

Hundred Thirty Six Thousand Dollars) with Defendant Blackriver Petroleum, LLC.

118.    The $136,000.00 investment comprised of a transfer by Plaintiff Moshe
Lefkowitz of $100,000.00 to Defendant Blackriver Petroleum, LLC.

119.    An additional $36,000.00 in purported profits owed to Plaintiff Moshe Lefkowitz
was included to the $100,000.00 transfer, which resulted in a total investment of $136,000.00.

120.    The invested funds were to be repaid in full or in part from proceeds of the sale of
"Greenwood Waskom property" to "Ameroil", and the Plaintiff was to receive half of the profits.

121.    Upon information and belief, the property was sold to Ameroil Energy, Inc.

122.    In addition, one-half of the profits from the invested funds were to be paid to the
Plaintiff.

123.    To-date, the $136,000.00, along with any profit, has yet to be repaid by Defendant
Blackriver Petroleum, LLC. to the Plaintiff.

124.    As such, the Plaintiff has been damaged in the amount of $136,000.00, plus
interest, as well as one-half of the profits generated from the loan and/or investment.

## COUNT VI
### FRAUD IN THE INDUCEMENT
#### *Moshe Lefkowitz v. Blackriver Petroleum, LLC*

125.    The Plaintiff repeats and realleges each and every allegation contained above, as
though fully set forth herein.

126.    On or about August 12, 2008, the Plaintiff Moshe Lefkowitz provided the sum of
$136,000.00 (One Hundred Thirty Six Thousand Dollars) to Defendant Blackriver Petroleum,
LLC., to purportedly invest on behalf of the Plaintiff.

127.    The $136,000.00 investment comprised of a transfer by Plaintiff Moshe
Lefkowitz of $100,000.00 to Defendant Blackriver Petroleum, LLC and an additional $36,000.00

in purported profits owed to Plaintiff Moshe Lefkowitz.

128.    In order to induce Plaintiff Moshe Lefkowitz into providing $136,000.00 to Defendant Blackriver Petroleum, LLC, the Defendant fraudulently misrepresented that they would invest the Plaintiff's funds with Enhanced Oil Recovery, a purported company.

129.    Upon information and belief, the Defendant Blackriver Petroleum, LLC never intended to invest Plaintiff Moshe Lefkowitz's funds in Enhanced Oil Recovery, but rather, intended to defraud the Plaintiff in order to further Defendant's ongoing Ponzi scheme and to pay other investors.

130.    Upon information and belief, the Defendant Blackriver Petroleum, LLC never invested Plaintiff Moshe Lefkowitz's funds in Enhanced Oil Recovery, and instead, the funds were used to further Defendant's ongoing Ponzi scheme and to pay other investors.

131.    Plaintiff Moshe Lefkowitz relied on Defendant Blackriver Petroleum's fraudulent misrepresentation, which induced the Plaintiff to provide the sum of $136,000.00 to Defendant Blackriver Petroleum, LLC.

132.    As a direct and proximate result of the Defendant Blackriver Petroleum's fraud, the Plaintiff has been harmed and damaged in the amount of $136,000.00, plus interest.

133.    As a result of Defendant Blackriver Petroleum's fraudulent conduct, the Plaintiff is entitled to an award of punitive damages.

### COUNT VII
### FRAUD
### *Moshe Lefkowitz v. Walter Reissman*

134.    The Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

135.    In or about 2008 the Defendant Walter Reissman held himself out to the Plaintiff

Moshe Lefkowitz as being an experienced investor and a "deal maker".

136.    In or about 2008 the Plaintiff provided the total sum of $506,000.00 to Defendant Walter Reissman, purportedly in his capacity as an agent, representative and/or member of Defendant Marketwise Trading, Inc. and Defendant Blackriver Petroleum, LLC, as follows:

        a.    On or about January 7, 2008 the Plaintiff provided Defendant Walter Reissman with $160,000.00 for use and/or investment through Defendant Marketwise Trading, Inc.;

        b.    On or about June 18, 2008 the Plaintiff provided Defendant Walter Reissman with $210,000.00 for use and/or investment through Defendant Blackriver Petroleum, LLC; and

        c.    On or about August 12, 2008 the Plaintiff provided Defendant Walter Reissman with $136,000.00 ($100,000.00 plus $36,000.00 - which was purportedly Plaintiff's "profits" that were included by Defendant Reissman) for use and/or investment through Defendant Blackriver Petroleum, LLC.

137.    Upon information and belief, Defendant Walter Reissman materially misrepresented the fact that the $506,000.00 would be used for legitimate investment purposes through Defendant Marketwise Trading, Inc. and Defendant Blackriver Petroleum, LLC.

138.    Upon information and belief, Defendant Walter Reissman never intended to use the $160,000.00, $210,000.00, and $136,000.00 provided by the Plaintiff for legitimate investment purposes through Defendant Marketwise Trading, Inc. and/or Defendant Blackriver Petroleum, LLC.

139.    Rather, upon information and belief, the Defendant Walter Reissman intended to

fraudulently use the $506,000.00 provided to him by the Plaintiff in order to further a Ponzi scheme that he orchestrated and/or for his own personal benefit.

140.    Upon information and belief, the Defendant Walter Reissman fraudulently used the $506,000.00 that the Plaintiff provided to him in furtherance of a Ponzi scheme that he orchestrated and/or for his own personal benefit.

141.    As a direct and proximate result of the Defendant Walter Reissman's fraud, the Plaintiff has been harmed and damaged in the amount of $506,000.00.

142.    As a result of Defendant Walter Reissman's fraudulent conduct, the Plaintiff is entitled to an award of punitive damages.

## COUNT VIII
## CONVERSION
### *Moshe Lefkowitz v. Walter Reissman*

143.    The Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

144.    In 2008 the Plaintiff provided the total sum of $506,000.00 to Defendant Walter Reissman, in his purported capacity as an agent, representative and/or member of Defendant Marketwise Trading, Inc. and Defendant Blackriver Petroleum, LLC, for use and/or investment by those corporations.

145.    Upon information and belief, Defendant Walter Reissman converted the $506,000.00, thereby depriving the Plaintiff of the use of said funds.

146.    Upon information and belief, Defendant Walter Reissman acted consciously, willfully, wantonly and maliciously in converting the $506,000.00.

147.    The Plaintiff has possessory right and interest in the funds provided to Defendant Walter Reissman for purported investment with Defendant Marketwise Trading, Inc. and

Defendant Blackriver Petroleum, LLC.

148.    As a direct and proximate result of Defendant Walter Reissman's conversion, the Plaintiff has been damaged in the amount of $506,000.00, together with interest.

### COUNT IX
### UNJUST ENRICHMENT
#### *Moshe Lefkowitz v. Walter Reissman*

149.    The Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

150.    In 2008 the Plaintiff provided the total sum of $506,000.00 to Defendant Walter Reissman, in his capacity as an agent, representative and/or member of Defendant Marketwise Trading, Inc. and Defendant Blackriver Petroleum, LLC, for use and/or investment by those corporations.

151.    The Plaintiff Moshe Lefkowitz did not enter into any contract or agreement with Defendant Walter Reissman, individually, regarding the sum of $506,000.00.

152.    Upon belief, Defendant Walter Reissman has personally reaped the benefits of the $506,000.00 that the Plaintiff invested with Defendant Marketwise Trading, Inc. and Defendant Blackriver Petroleum, LLC, to the detriment of the Plaintiff.

153.    It is against equity and good conscience to permit Defendant Walter Reissman to retain and/or benefit from the funds that the Plaintiff invested with Defendant Marketwise Trading, Inc. and Defendant Blackriver Petroleum, LLC, which the Plaintiff seeks to recover.

154.    As a direct and proximate result of Defendant Walter Reissman's conduct, the Plaintiff has been damaged in the amount of $506,000.00, together with interest.

## COUNT X
## PIERCING THE CORPORATE VEIL
*Moshe Lefkowitz v. Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC and Defendant Saddle River Capital Corp.*

155.    The Plaintiff repeats and realleges each and every allegation contained above, as though fully set forth herein.

156.    Upon information and belief, Defendant Walter Reissman is the owner of Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC and Defendant Saddle River Capital Corp.

157.    Upon information and belief, Defendant Walter Reissman exercised complete domination and control of Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC and Defendant Saddle River Capital Corp., and controlled any and all transactions involving and/or related to said Defendants.

158.    Upon information and belief, Defendant Walter Reissman's domination and control of Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC and Defendant Saddle River Capital Corp. was used to commit a fraud against the Plaintiff Moshe Lefkowitz.

159.    Defendant Walter Reissman's domination and control of Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC and Defendant Saddle River Capital Corp., which was used to commit a fraud against the Plaintiff Moshe Lefkowitz, resulted in the Plaintiff sustaining damages and harm.

160.    As a result, the Plaintiff Moshe Lefkowitz is entitled to pierce the corporate veil of Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC and Defendant Saddle River Capital Corp.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Moshe Lefkowitz respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff against Defendant Walter Reissman, Defendant Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, Defendant Saddle River Capital Corp., Does 1-10, and Corporate Does 1-10, as follows:

    a.  On COUNT I, the Plaintiff is entitled to an amount to be determined, but not less than $1,518,000.00 ($506,000.00 trebled), together with interest;

    b.  On COUNT II, the Plaintiff is entitled to an amount to be determined, but not less than $160,000.00, as well as dividends and 11.85% profit from Defendant Marketwise Trading, Inc., together with interest;

    c.  On COUNT III, the Plaintiff is entitled to an amount to be determined, but not less than $160,000.00, along with punitive damages, together with interest;

    d.  On COUNT IV, the Plaintiff is entitled to an amount to be determined, but not less than $210,000.00 with interest at the rate of 13.5% per annum calculated and cumulated annually from June 18, 2008; and the Plaintiff is entitled to the assignment/transfer 105,000 ordinary shares of Enhanced Oil Recovery Group, PLC, together with interest;

    e.  On COUNT V, the Plaintiff is entitled to an amount to be determined, but not less than $136,000.00; and the Plaintiff is entitled to one-half of the profits generated from the loan and/or investment, together with interest;

    f.  On COUNT VI, the Plaintiff is entitled to an amount to be determined, but not less than $136,000.00, along with punitive damages, together with interest;

    g.  On COUNT VII, the Plaintiff is entitled to $506,000.00, along with punitive

damages, together with interest;

h.   On COUNT VIII, the Plaintiff is entitled to $506,000.00, together with interest;

i.   On COUNT IX, the Plaintiff is entitled to $506,000.00, together with interest;

j.   On COUNT X, the Plaintiff is entitled to pierce the corporate veil of Defendant

Marketwise Trading, Inc., Defendant Blackriver Petroleum, LLC, and Defendant

Saddle River Capital Corp.; and,

k.   The Plaintiff is entitled to an award of attorney's fees, and costs; and for any such

other and further award or relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff hereby

demands a trial by jury on all issues triable by jury.


Dated: Brooklyn, New York
       April 18, 2013

MENDEL ZILBERBERG & ASSOCIATES, P.C.
Attorneys for Plaintiff Moshe Lefkowitz

By:     _____
         Samuel Karpel (SK-3190)
         6619 Thirteenth Avenue
         Brooklyn, New York 11219
         Telephone (718) 256-2000
         Facsimile (718) 256-7900
         Email: skarpel@amalgamail.com